```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

PAULA A. LAPAR,
                Plaintiff,
vs.                          Case No.  2:03-cv-169-FtM-33DNF

JOHN E. POTTER, Postmaster General,
United States Postal Service, DENISE
JONES, individually and as an agent
of the United States Postal Service,
MIKE LITTLE, individually and as an
agent of the United States Postal
Service, RAY BERNICCHI, individually
and as an agent of the United States
Postal Service, UNITED STATES POSTAL
SERVICE,
                Defendants.
_____/

**ORDER**

     This matter comes before the Court pursuant to Defendants' Consolidated Motion to Dismiss Individual Defendants, Motion to Substitute, and Motion to Dismiss Complaint, or in the Alternative, Motion for Summary Judgement and Incorporated Memorandum of Law (Doc. # 23), filed on March 11, 2005.  As of the date of this Order, Plaintiff has failed to file a response in opposition to the instant motion.[1]

**Background**

     Plaintiff filed her five count complaint on April 14, 2003 (Doc. # 1).  Plaintiff's complaint seeks redress for alleged

---

[1] At this time in the litigation, Plaintiff is appearing pro se; however, Plaintiff was represented by counsel up until September 6, 2005. Plaintiff's counsel moved to withdraw on August 30, 2005 due to irreconcilable differences and communication barriers with Plaintiff, and this Court granted the motion to withdraw on September 6, 2005. (Docs. # 42, # 44).

violations of the anti-conspiracy provisions of 42 U.S.C. § 1985, Sections 501 and 504 of the Rehabilitation Act of 1973 (29 U.S.C. §§ 791, 794), the Florida Civil Rights Act, Florida Statutes Chapters 760, et seq., and "the common state law barring the intentional infliction of emotional distress." (Doc. # 1 at ¶ 1).[2]

Plaintiff served as a United States Postal Service worker for approximately sixteen years (Doc. # 1 at ¶ 6).[3] She alleges that the USPS, as well as individual postal workers who supervised Plaintiff, discriminated against and harassed Plaintiff due to Plaintiff's medical condition related to bipolar disorder and panic attacks.[4] Plaintiff asserts in her complaint that she has "exhausted her administrative remedies and has made a[n] unsuccessful attempt to secure compliance with various civil rights laws by Defendants." (Doc. # 1 ¶ 26). As noted by Defendant in the instant motion, Plaintiff has not asserted a retaliation cause of action.

---

[2] Plaintiff seeks declaratory and injunctive relief, damages, and costs and attorneys' fees.

[3] It is not clear from the record whether Plaintiff remains an employee of the USPS. Plaintiff's complaint indicates that she continues to be an employee of the USPS. However, Defendants' motion to dismiss indicates that Plaintiff is no longer an employee of the USPS. This ambiguity does not affect this Court's ruling.

[4] Specifically, Plaintiff alleges in her complaint as follows: "Plaintiff, Paula A. Lapar has been diagnosed by her physician, Dr. Jane L. Simenson, with insomnia, panic attacks, systematic sleep disturbance, daytime panic attacks requiring medication, and persisting anxiety symptoms." (Doc. # 1 ¶ 8).

Defendants' motion <u>sub</u> <u>judice</u> proposes several avenues of relief for Defendants. Defendants move to dismiss Plaintiff's complaint pursuant to Rules 12(b)(6) and (1) of the Federal Rules of Civil Procedure, or in the alternative, to grant summary judgment in favor of Defendants.[5]

**<u>Standards</u>**

**<u>Rule 12(b)(6), Fed.R.Civ.P.</u>**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party.  See <u>Magluta v. Samples</u>, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing <u>Hawthorne v. Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998)).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Marsh v. Butler County Comm'n</u>, 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim."  <u>Conley</u>, 355 U.S. at 47.  All that is required is "a short

---

[5] In addition, as to Plaintiff's fifth cause of action, which seeks redress for intentional infliction of emotional distress, Defendants move to substitute the United States of America as Defendant and to dismiss the individual Defendants: Denise Jones, Mike Little, and Ray Bernicchi.

3

and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47). Thus, the issue in a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss is not whether the plaintiff will ultimately prevail on his or her claim, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11th Cir. 1986).

**Rule 12(b)(1), Fed.R.Civ.P.**

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), on the other hand, may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924, n.5 (11th Cir. 2003). Where the jurisdictional attack is based on the face of the pleadings, the court merely looks to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). However, when the jurisdictional attack is factual, courts may look outside of the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester

Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).[6]

A dismissal under Rule 12(b)(6) is considered an adjudication of the case on the merits, Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981), while a dismissal under Rule 12(b)(1), on the other hand, is never on the merits of the claims and must always be without prejudice. See Bell v. Hood, 327 U.S. 678, 682-683 (1946); see also Verret v. Elliot Equip. Corp., 734 F.2d 235, 238 (5th Cir. 1984) (citing Stanley v. Cent. Intelligence Agency, 639 F.2d 1146, 1157 (5th Cir. Unit B Mar. 1981).[7]

**Rule 56, Fed.R.Civ.P. Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[6] As the Eaton court explains:

> The factual attack . . . differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

692 F.2d at 732 (quoting Mortensen v. First Fed. Sav. & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977).

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981 as binding precedent.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Mize v. Jefferson City Bd. of Educ.</u>, 93 F.3d 739, 742 (11th Cir. 1996)(citing <u>Hairston v. Gainesville Sun Publ'g Co.</u>, 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. <u>Hickson Corp. v. N. Crossarm Co., Inc.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004)(citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." <u>Jeffrey v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 593-94 (11th Cir.

1995)(citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

**Analysis**

**Count I**

Plaintiff brings her first claim under 42 U.S.C. § 1985, which bars conspiracies between two or more persons interfering with civil rights.[8] Plaintiff alleges that Defendants engaged in a

---

[8] 42 U.S.C. § 1985(3) states in pertinent part:

Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another,

conspiracy to deprive her of her rights which she acquired by virtue of being disabled. Specifically, Plaintiff alleges: "Defendants agreed to deprive [Plaintiff] of her rights as a person with a disability. Defendants acted overtly and in concert in furtherance of this conspiratorial agreement." (Doc. # 1 at ¶¶ 28-29).

Count I of Plaintiff's complaint should be dismissed for at least two reasons. First, Plaintiff's allegations are not properly addressed by 42 U.S.C. § 1985, because the Rehabilitation Act, 29 U.S.C. §§ 791, 794, and 794(a) provides the exclusive remedy for federal government employees seeking damages and relief for work-

---

for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

8

place discrimination based on disability. Rio v. Runyon, 972 F. Supp. 1446, 1454 (S.D. Fla. 1997) aff'd 159 F.3d 1360 (11th Cir. 1998).

In addition, Plaintiff's conspiracy count should be dismissed under the doctrine of intracorporate conspiracy. As stated in Dickerson v. Alachua County Commission, 200 F.3d 761 (11th Cir. 2000), the intracorporate conspiracy doctrine bars allegations of conspiracy between agents of the same organization, and applies in private industry and within governmental agencies:

> Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation. This doctrine stems from basic agency principles that 'attribute acts of the agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor. The reasoning behind the intracorporate conspiracy doctrine is that it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself. . . . This doctrine has been applied not only to private corporations but also to public, government entities.

Id. at 767 (internal citations omitted).

Defendants in this action are the United States Postal Service and agents of the United States Postal Service. No outsiders are involved. Thus, as a matter of law, no conspiracy could arise between these Defendants. Id. Accordingly, Count I of Plaintiff's complaint, which alleges that agents of the USPS and the USPS "conspired" against Plaintiff in order to deprive Plaintiff of her

civil rights, is dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.

<u>Counts II and III</u>

In Plaintiff' second and third causes of action, she alleges that Defendants violated section 501 and 504 of the Rehabilitation Act.[9]  With regard to her Rehabilitation Act claims, Plaintiff's complaint states:

> Plaintiff . . . was . . . a qualified handicapped person within the meaning of Section 501 [and 504]. Defendants breached their obligations to Plaintiff . . . to be a model employer of handicapped persons.  Defendants irrebuttably presumed that Plaintiff . . . would be a safety hazard to herself and others in the job in question without undertaking the requisite examination of whether the asserted risks in fact were reasonably forseeable and substantial.  Defendants failed to properly assess the essential functions of the jobs in question and to determine whether the Plaintiff . . . could perform these functions with or without reasonable accommodations.

(Doc. # 1 at ¶¶ 31-40).

Section 501 (also know as Section 791) of the Rehabilitation Act, "imposes an obligation of federal agencies to promulgate affirmative action plans assuring hiring, placement, and advanced opportunities for individuals with handicaps.  The substantive scope of section 791 thus goes well beyond the simple non discrimination requirement of section [504(a) or] 794(a)."[10]

---

[9] As explained in <u>Doe v. Garrett</u>, 903 F.2d 1455, 1459 (11th Cir. 1990), Section 501 of the Rehabilitation Act is also commonly known as "Section 791" and Section 504 of the Rehabilitation Act is commonly known as "Section 794(a)" due to the section designation in the original legislation.

[10] <u>Doe</u>, 903 F.2d at 1459.

10

Section 504(a) of the Rehabilitation Act states in pertinent part:

> No otherwise qualified individual with a disability in the United States as defined in section 7(20), shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

The United States Postal Service, with its executive head being John E. Potter, Postmaster General, is the only proper Defendant in this Rehabilitation Act action. See Farrell v. United States Dep't of Justice, 910 F. Supp. 615, 618 (M.D. Fla. 1995)("The only proper defendant in a . . . claim of discrimination under the Rehabilitation Act is the head of the agency accused of having discriminated against the Plaintiff.")  Counts II and III of Plaintiff's complaint are, thus dismissed as to individual Defendants Denise Jones, Mike Little, and Ray Bernicchi under Rule 12(b)(6), Fed.R.Civ.P.

Defendant, United States Postal Service /Postmaster General, John E. Potter, argues that Plaintiff's Rehabilitation Act claims (Counts II and III) should be dismissed because Plaintiff has failed to exhaust her administrative remedies.

The Eleventh Circuit has ruled that "private actions against federal government employers under the [Rehabilitation] Act, whether brought under section 791 or 794, must satisfy 'the requirement of exhaustion of administrative remedies in the manner

11

prescribed by section [794a(a)(1)] and thus by Title VII.'" Doe, 903 F.2d at 1461 (citing Milbert v. Koop, 830 F.2d 354, 356 (D.C. Cir. 1987)).

This Court shall analyze the issue of administrative exhaustion, at this stage of the action, under Rule 12(b)(1), Fed.R.Civ.P., as a factual attack on jurisdiction.[11]

Plaintiff's complaint alleges that she has, in fact, exhausted her administrative remedies, and Defendant, with supporting affidavits and exhibits, contradicts Plaintiff's allegations concerning administrative exhaustion.

As noted supra, in deciding a motion to dismiss a case for lack of jurisdiction under Rule 12(b)(1), Fed.R.Civ.P., this Court is permitted to review evidence external to the Plaintiff's complaint.

Defendant has attached an administrative record to the instant motion. Though the appearance of an administrative record would, at least initially, tend to show that Plaintiff has exhausted her administrative remedies, in the instant case, a very thorough review of the record demonstrates that, while Plaintiff attempted

---

[11] Plaintiff's complaint alleges that Plaintiff has, in fact, exhausted her administrative remedies. Therefore, Plaintiff's Counts II and III under the Rehabilitations Act survive a Rule 12(b)(6), Fed.R.Civ.P. motion to dismiss because this Court must assume that the allegations of Plaintiff's complaint are true. In addition, it should be noted that this Court has determined that granting summary judgment in favor of Defendants, which would constitute a dismissal of Counts II and III of Plaintiff's complaint with prejudice, would be imprudent.

to exhaust her administrative remedies, she was unsuccessful in so doing.

Plaintiff's mere allegation in her complaint that she exhausted her administrative remedies cannot stand up to Defendants' detailed arguments to the contrary, which are supported by the record attached to the instant motion. By uncontradicted evidence, Defendants have successfully demonstrated to the Court, by reference to materials on file, that Plaintiff has failed to exhaust her administrative remedies.[12] Plaintiff has failed to rebut. As exhaustion of her administrative remedies is a jurisdictional requirement for Plaintiff to proceed under Sections 501 and 504 of the Rehabilitation Act, and Defendant has demonstrated that Plaintiff failed to exhaust her administrative remedies, this Court lacks jurisdiction over Plaintiff's Counts II and III.

---

[12] Defendants' uncontested dispositive motion states:

> Plaintiff initiated two discrimination administrative complaints relevant to this action. In the first, case number 4H-335-0286-01, Plaintiff failed to complete the administrative process in that she never filed a formal complaint of discrimination. Williams Declaration, para 6. In the second, case number 4H-335-0083-02, Plaintiff exhausted the remedy, however, she did not allege discrimination based on disability, which is the basis of her Second and Third causes of action, both brought under the Rehabilitation Act. DeSorbo Declaration, Attachments 1 & 2.

The Court has evaluated the Declarations referenced in Defendants' instant motion to dismiss, and Defendants have faithfully represented the subject of the record to the Court.

Thus, Counts II and III of Plaintiff's complaint are dismissed with prejudice as to Defendants Denise Jones, Mike Little, and Ray Bernicchi pursuant to Rule 12(b)(6), Fed.R.Civ.P.  Further, Counts II and III of Plaintiff's complaint are dismissed without prejudice pursuant to Rule 12(b)(1), Fed.R.Civ.P., as to Defendants John E. Potter, Postmaster General, and United States Postal Service.

Count IV

Plaintiff asserts that the named Defendants have violated the Florida Civil Rights Act of 1992 (Chapter 760.01-760.11).[13]  Plaintiff has not designated a particular chapter of the Act which she alleges Defendants have violated.  The general purposes of the act are described as follows:

> to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

(Fla. Stat. § 760.01(2)).

---

[13] Plaintiff's complaint states with regard to Count IV, "Plaintiff, Paula Lapar, has an impairment and is able to perform in a reasonable manner the duties of the job in question and thus has a disability within the meaning of the Florida Civil Rights Act.  All individual Defendants engaged in the unlawful discriminatory practice of aiding, abetting, inciting, compelling or coercing the doing of unlawful discriminatory employment practices against Plaintiff, Paula A. Lapar, within the meaning of the Florida Civil Rights Act." (Doc. # 1 at ¶ ¶ 41-42).

14

Defendant correctly argues that Count IV of Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6). Plaintiff's claims against the individual Defendants, Denise Jones, Mike Little, and Ray Bernicchi, are dismissed because the law is clear that employers, rather than individual employees, are the proper defendants in Florida Civil Rights Act suits. See, e.g., Sanders v. Mayor's Jewelers, 942 F. Supp. 571, 574 (S.D. Fla. 1996) (holding that, like Title VII of the Civil Rights Act of 1964, Florida's Civil Rights Act applies to impose liability on employers, rather than individuals.) Count IV of the complaint is thus dismissed as to the individual Defendants Denise Jones, Mike Little, and Ray Bernicchi pursuant to Rule 12(b)(6), Fed.R.Civ.P.

In addition, remaining Defendants United States Postal Service and its head, John E. Potter, are also improper Defendants to Plaintiff's claims under the Florida Civil Rights Act. As stated supra, the Rehabilitation Act, 29 U.S.C. §§ 791, 794, and 794(a) provides the exclusive remedy for federal government employees seeking damages and relief for work-place discrimination based on disability. Rio, 972 F. Supp. at 1454.

Accordingly, Count IV of Plaintiff complaint, which alleges violations of the Florida Civil Rights Act, is dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.

**Count V**

In her Fifth Cause of Action, Plaintiff alleges that Defendants

caused her intentional infliction of emotional distress. As stated in Howry v. Nisus, Inc., in to order to establish a claim for intentional infliction of emotional distress under Florida law, a plaintiff must show: "(1) deliberate or reckless infliction of mental suffering by the defendant; (2) by outrageous conduct; (3) which conduct of the defendant must have caused the suffering; and (4) the suffering must have been severe." 910 F. Supp. 576, 580 (M.D. Fla. 1995)(citing Metropolitan Life Insurance Co. v. McCarson, 467 So. 2d 277, 278 (Fla. 1985). The test for determining if conduct rises to the level of intentional infliction of emotional distress is an objective one, Gillis v. Sports Authority, Inc., 123 F.Supp.2d 611, 616 (S.D. Fla. 2000) and "[w]hether a person's conduct is sufficiently outrageous to form the basis for a claim of intentional infliction of emotional distress is a matter of law, not a question of fact." Howry, 910 F. Supp. at 581 (citing Baker v. Florida National Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990). As described by the Florida Supreme Court, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." McCarson, 467 So. 2d at 278-279.

The allegations in Plaintiff's complaint, as a matter of law, do not rise to the level of atrocity contemplated by the Florida Supreme Court.

Plaintiff alleges as follows in her complaint:

Despite being aware of Plaintiff's medical problems as set forth herein above, Plaintiff, Paula A. Lapar, has been continuously harassed by Defendant, Denise Jones, for several years.

On or about December 2000[,] the Plaintiff was called into Defendant Jones' office for official discussions because Plaintiff Lapar, had only taken one-half (½) of a bulk mailing which was a normal practice in this agency and had never been a problem before.

In January 2001[,] Plaintiff Lapar, went to Defendant Jones' desk to ask for a bid form. Defendant Jones was standing next to the file cabinet where these forms were kept. Defendant Jones became belligerent to Plaintiff Lapar when she asked for the forms. Defendant Jones got the form from the cabinet and threw it in the Plaintiff's face then slammed the cabinet and stomped off.

In March 2001[,] Defendant Jones made a physical threat to Plaintiff Lapar. When Plaintiff took this complaint to Postal Service Management she was told that Defendant Jones was just kidding. Plaintiff Lapar did not sense any tone of "kidding" or "joking" in Defendant Jones' voice at the time of the incident.

On or about March 28, 2001[,] Defendant Jones made very derogatory comments to Plaintiff Lapar during a service talk in front of the whole office.

On or about May 22, 2001[,] Plaintiff Lapar turned around and came out of her work area to find Defendant Jones standing, arms crossed just a few feet from Plaintiff Lapar staring at her. This staring behavior continued for several minutes and caused emotional distress to Plaintiff Lapar.

On or about May 29, 2001[,] Plaintiff Lapar told both her station manager, Mike Little, and his boss, Ray Bernicchi, that she was fearful for her own safety because the actions of Defendant Jones. Plaintiff said that she was fearful and under great stress and was beginning to have panic attacks caused by the behavior of Defendant Jones.

On or about June 5, 2001[,] Plaintiff Lapar was called into the office for official discussions. She was singled out by Defendant Jones because she had taken only half of the bulk mailing on the first day of a three-day delivery window. Even though all the other carriers have done this, Plaintiff Lapar was singled out for hostile treatment by Jones.

>On or about June 9, 2001[,] Plaintiff Lapar returned to the office in the afternoon to find a note that she had given to Defendant Jones approximately three weeks prior for a work order.  Plaintiff Lapar had discussed this note with Defendant Jones when Plaintiff Lapar originally gave the note to her.  Attached to the note was a note from Defendant Jones asking for clarification.  Defendant Jones became angry when Plaintiff Lapar stated that the note was self-explanatory.
>
>All of the above incidents . . . represent confrontational behavior between Defendant Jones and the Plaintiff.  The Plaintiff has suffered stress, nausea, diarrhea, shakiness, exhaustion, anxiety, and panic attacks.
>
>On or about January 16, 2002 at approximately 9:00 A.M.[,] the Plaintiff tried to have a conversation with Defendant Jones about something that has occurred on the day that Defendant Jones was off.  Plaintiff explained that she needed route assistance on January 18, 2002 to do a projected task that was not part of her route evaluation.  Plaintiff stated that she needed thirty to forty-five minutes of help and asked Defendant Jones if that was ok.  Defendant Jones stood silent for a few minutes and then became red faced and snapped at the Plaintiff that 'No it was not ok,' and that 'She would just have to "handle it."'

(Doc. # 1 at ¶¶ 9-19).

The atmosphere Plaintiff described certainly sounds unpleasant; however, no action or combination of actions Plaintiff described, including foot stomping, arm crossing, staring, and snapping, rises to the level of intentional infliction of emotional distress as contemplated by the Florida Supreme Court.  Accordingly, it is appropriate to dismiss Count V of Plaintiff's complaint as facially insufficient pursuant to Rule 12(b)(6).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant's Consolidated Motion to Dismiss Individual

Defendants, Motion to Substitute, and Motion to Dismiss Complaint, or in the Alternative, Motion for Summary Judgement and Incorporated Memorandum of Law (Doc. # 23) is **GRANTED** as follows:

a. Count I of Plaintiff's complaint is dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.;

b. Counts II and III of Plaintiff's complaint, as asserted against Defendants Denise Jones, Mike Little, and Ray Bernicchi, are dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P., and as asserted against John E. Potter, Postmaster General and the United States Postal Service, are dismissed pursuant to Rule 12(b)(1), Fed.R.Civ.P.

c. Count IV of Plaintiff's complaint is dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.; and

d. Count V of Plaintiff's complaint is dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.

2. All other pending motions are **DENIED** as moot.

3. The Clerk of Court is directed to close this case and enter judgment accordingly.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 19th day of October, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Parties of Record